# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SureFunding, LLC<br><br><br>Debtor. | Bankruptcy Case No.: 20-10935 (LSS) |
| Brett Hatton, Earl Coronel, et al.<br>,<br>Appellants,<br>v.<br>Sure Funding LLC,<br>Appellee. | MAR 1 5 2023<br><br><br>C.A. No. 23-249 MN<br>Bankr. BAP No. 23-0011 |

## **RECOMMENDATION**

At Wilmington this **16th** day of **March, 2023**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review which included a joint submission from counsel to determine the appropriateness of mediation in this matter. This submission provided by counsel for the parties was not made part of the court record because it relates to mediation.

This appeal commenced on March 7, 2023. Appellant filed a notice of appeal and as of March 15, 2023, Appellant has not filed a designation of record or issues on

appeal.

Although the parties disagree about finality of the orders and the merits of Appeal, to minimize expenses in connection with this litigation, they have agreed, subject to District Court approval, to stay all deadlines and other action in this appeal and participate in an in-person mediation before an agreed-upon mediator to be conducted before the end of April.

The parties contemplated seeking a global resolution of all issues, including those raised in 23-175-MN. Should mediation be unsuccessful, the parties will advise the District Court and attempt to agree on a briefing schedule regarding the pending motions and appeals in both matters.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter, along with 23-175 MN, be withdrawn from the mandatory referral for mediation in this Court to allow the parties to resolve all pending issues, including agreement on the terms of a plan of reorganization or liquidation. Since this Recommendation is consistent with the parties' request, no objections are anticipated pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge